IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

FILED
97 MAR 31 PM 2:49
U.S. DISTRICT COURT
N.D. OF ALABAMA

```
GAIL RENEE WHETSTONE,        }
                             }
     Plaintiff               }
                             }   CIVIL ACTION NO.
     vs.                     }
                             }   97-AR-0538-S
UNITOG, INC.,                }
                             }
     Defendant               }
```

ENTERED
MAR 31 1997

### MEMORANDUM OPINION

Plaintiff, Gail Renee Whetstone ("Whetstone"), has filed a timely motion to remand the above-entitled case which was removed from the Circuit Court of Jefferson County, Alabama, by defendant, Unitog, Inc. ("Unitog"). Unitog has moved for a stay of the consideration of Whetstone's motion pending a ruling by the Eleventh Circuit on a petition for writ of mandamus in an entirely separate case (Appellate No. 96-6711), which was argued on November 11, 1996, before a panel consisting of Judges Hatchett, Tjoflat and Clark. This court sought and obtained from Unitog copies of the briefs submitted in said No. 96-6711. Having read these briefs, this court concludes that while some issues presented to the Eleventh Circuit in its No. 96-6711 may overlap issues presented here, unless the Eleventh Circuit simply declines jurisdiction in No. 96-6711 its opinion in that case, in all probability, will not control this case. There are more differences between the two

1



cases than there are similarities.

In case No. 96-6711, styled "*In re: Sports & Recreation, Inc.*", Sports & Recreation, the defendant-employer of plaintiff, Jeanette E. New ("New"), within thirty days after service of process, removed her state court action to the federal court, which then remanded it. Sports & Recreation appealed and alternatively petitioned for mandamus. New's state court complaint began with a count which simply sought workers' compensation benefits. She followed with Count Two in which she charged that Sports & Recreation had discharged her in retaliation for her having pursued her workers' compensation claim. New and Sports & Recreation were citizens of different states, creating complete diversity. Except for the timing of the removal, *Sports & Recreation* and the instant case are virtually identical. Thereafter, crucial differences appear.

First and foremost, Whetstone filed her state court complaint on January 24, 1996, more than a year before Unitog removed it. It was clear at that time that Whetstone and Unitog were citizens of different states. Only because 28 U.S.C. § 1445(c) precluded the removal of Whetstone's Count One, a claim for workers' compensation benefits, then her only claim, was Unitog initially prevented from removing the case. The language in 28 U.S.C. § 1446(b) is unequivocal when it says:

 If the case stated by the initial pleading was not removable, a

2

>notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, or other paper from which it may first be ascertained that the case is one which is or has become removable, <u>except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action</u>.

(emphasis supplied). Unitog removed this case on the basis of 28 U.S.C. § 1332 on March 4, 1997, more than one year after its commencement in the state court. This fatal defect cannot be remedied. In enacting § 1446(b), Congress intended to limit the diversity jurisdiction of federal courts, and made no exception for situations such as the one here presented by Unitog. As stated, Sports & Recreation removed within thirty days after it received New's original complaint, which contained both a count for workers' compensation benefits and a count for retaliation.

Apparently Unitog believes that it was not until Whetstone added her Count Two claiming retaliation <u>and</u> until later the order of separation for trial was entered by the state judge, separating the trials of Count One and Count Two, that this case became removable. This court has already explained why it disagrees with Unitog, but assuming *arguendo* that Whetstone's amendment to her complaint opened a window of removability, either that window closed thirty days after the amendment was served on Unitog without regard to a severance, or Sports & Recreation's removal was premature because there was no severance in Sports & Recreation's case. Furthermore, Unitog's removal did not take place until

3

thirty days after the state court, <u>on Unitog's motion</u>, separated Count One from Count Two for trial. This was not the result of any <u>voluntary</u> act by Whetstone. Her right to appeal within the state court system from this ruling cannot be wrested from her by the device of removal. The problem might have been avoided if the state court in the instant case had done what it did in *In re: The Uniroyal Goodrich Tire Company*, 104 F.2d 332 (11th Cir. 1997), namely, to give the severed matter an entirely new case number. Because an entire case must be removed, an anomaly is created when a classic claim for workers' compensation benefits is removed in the teeth of § 1445(c) along with a separate retaliation claim, the removing defendant knowing that the workers' compensation claim will have to be remanded.

If none of the above features successfully distinguish Unitog's removal from Sports & Recreation's removal, they nevertheless establish reasons not to await the *Sports & Recreation* opinion.

Another even more persuasive difference between this case and *Sports & Recreation* is that the removal by Sports & Recreation was largely based on New's Count Three. Whetstone's complaint contains no third count. New not only sought workers' compensation and damages for retaliation but sought disability and medical benefits under a plan that her employer, with good reason, claims is an ERISA-governed plan, allowing the plan administrator to remove the

4

entire case on ERISA super-preemption grounds. The removal ground of diversity could have been an afterthought. To the contrary, Unitog's removal relies <u>exclusively</u> upon diversity. The trial judge in *Sports & Recreation* refused to address the employer's right to remove the case based on ERISA preemption, perhaps inadvertently inviting interlocutory appellate review in circumvention of 28 U.S.C. § 1447(d) because of "due process" considerations. In response to the jurisdictional inquiry addressed to the parties by the Eleventh Circuit in *Sports & Recreation*, the employer there candidly argues at page 6, footnote 3, of its brief:

> Arguably, review by this Court would be precluded if the district court had considered the ERISA preemption/removal issue and decided it erroneously, <u>see</u>, <u>e.g.</u>, <u>In re Decorator Industries, Inc.</u>, 980 F.2d 1371, 1373 (11th Cir. 1992), but the district court's refusal to even consider the issue takes it outside that rule.
> A refusal to consider a valid basis for removal implicates due process concerns as well.

This crucial difference between Sports & Recreation's removal and Unitog's removal could easily provide for an outcome in *Sports & Recreation* that will provide no guidance for this court.

This court has consistently held that a claim by an employee that he or she was retaliated against for pursuing workers' compensation benefits "arises under the workman's compensation laws" of Alabama and therefore cannot be removed because of the express prohibition set forth in 28 U.S.C. § 1445(c). Other judges of this court, now a majority, have held the same thing. Unitog

5

presents no satisfactory reason for this court to depart from the Fifth Circuit's rationale in *Jones v. Roadway Express, Inc.*, 931 F.2d 1086 (5th Cir. 1991), and this court is unwilling to put Whetstone's case "on ice" simply to find out whether or not the Eleventh Circuit in *Sports & Recreation* will part ways with the Fifth Circuit.

This court not only lacks subject matter jurisdiction of Whetstone's Count One, <u>which could not under any circumstance be tried in a federal court</u>, but of her Count Two. Even forgetting the timeliness of removal question, the whole case is simply outside this court's jurisdiction. Therefore, this court will remand both Count One and Count Two by separate order.

DONE this 31st day of March, 1997.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT COURT